1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10  VICTOR LEE SEVERANCE,

11          Petitioner,                    No. CIV S-06-1964 FCD KJM P

12      vs.

13  MIKE EVANS, Warden,

14          Respondent.              <u>ORDER</u>

15  _____/

16          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17  habeas corpus challenging his Sacramento County conviction for robbery and his sentence of

18  119 years to life.

19          The petition raises the following grounds: (1) the denial of his right to a jury trial

20  on the plea of not guilty by reason of insanity (raised in grounds one and two of the petition);

21  and (2) denial of his right to represent himself during the sanity phase of the trial.  Respondent

22  filed an answer to the petition on April 12, 2007.

23          On May 10, 2007, petitioner filed a motion to add the following grounds to his

24  petition: (1) the Superior Court failed to order a psychiatric evaluation when he initially entered

25  his plea of not guilty by reason of insanity, so evidence of his mental state closer in time to the

26  offenses was lost; (2) the trial court refused to allow him to present evidence in support of his

1

defense, causing him to concede his guilt and throw himself on the mercy of the jury; (3) the denial of the right to effective assistance of counsel, however, the basis of this claim is not entirely clear since plaintiff also suggests that he was representing himself; (4) he was not competent during the pretrial proceedings, causing him to reject a plea offer of a single term of twenty-five-years-to-life; (5) a single robbery was improperly charged as two robberies because there were two cashiers at the check stand; (6) his record was used against him; (7) ineffective assistance of counsel on appeal, stemming from counsel's refusal to raise the six preceding issues; (8) ineffective assistance of counsel during the trial on his NGI plea; (9) use of inadmissible evidence at the NGI trial; (10) two of petitioner's witnesses died between his first and second trials; (11) ineffective assistance of appellate counsel on his second appeal.

It does not appear that petitioner has exhausted his state remedies on these eleven claims by giving the California Supreme Court an opportunity to review them. Nor has he made the showing required by <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005), before this court may enter a stay of these proceedings to allow petitioner to return to the state court to exhaust.

Accordingly, IT IS HEREBY ORDERED that petitioner's May 10, 2007 motion to add additional grounds for relief to his habeas petition is denied.

DATED: August 16, 2007.

_____
U.S. MAGISTRATE JUDGE

2
seve1964.amd

2